United States District Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR MAURICIO PUENTES MEJIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02339 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Cesar Mauricio Puentes Mejia, filed this petition to challenge his ongoing immigration detention. Respondents advise the Court that Petitioner has informed then that he would voluntarily depart the United States on May 17, 2026. Doc. No. 8. Petitioner does not dispute that he has voluntarily departed the United States, and the Respondents' advisory was filed more than thirty days ago. In addition, a search of the ICE Locator online tool does not reflect that Petitioner is still being detained.

Because Petitioner is no longer in custody and there is no viable controversy, his petition must be dismissed as moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit'") (quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)).

1 / 2

Therefore, the Court **ORDERS** as follows:

1. This habeas petition is **DISMISSED** without prejudice as **MOOT.**

2. All pending motions, if any, are **DENIED as MOOT.**

3. This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this ____25th____ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2